UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW GEORGE BOYD,

                Plaintiff,

-against-

VAN CORTLANDT GOURMET,

                Defendant.

21-CV-7031 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is detained in the Anna M. Kross Center on Rikers Island, filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. By order dated August 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses this action for failure to state a claim on which relief may be granted.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The complaint contains the following allegations. On June 13, 2021, Plaintiff went into the Van Cortlandt Gourmet, a store in the Bronx, to buy a sandwich and soda with "food stamps." Plaintiff left the store, but returned at some point to buy a stamped envelope. The store clerk "kept asking the plaintiff what he wanted," and then called 911 four times and falsely reported that Plaintiff was "causing a disturbance." (ECF 2 ¶ V.) The police initially failed to respond to the 911 calls, and the store clerk then called "someone on his personal cellphone." When that person arrived, he struck Plaintiff with a belt and a metal pipe. When police officers arrived, they arrested the individual who had assaulted Plaintiff. Plaintiff names Van Cortlandt Gourmet as the sole defendant in his complaint. He seeks money damages for the injuries he sustained. (*Id.* ¶¶ VI.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, a private party who does not work for any state or other

government body, would not be subject to liability under § 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Plaintiff asserts that he was injured by the conduct of two private individuals, the store clerk who called "someone," and the individual who actually assaulted him and caused him injury. On these facts, Plaintiff has not demonstrated that a state actor or individual acting under color of state law violated his federally protected rights. Plaintiff's allegations do not implicate the police officers, who are state actors. In fact, Plaintiff alleges that the police officers arrested the individual who assaulted him.[2] The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendant Van Cortlandt Gourmet for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] The Court takes no position on the merits of any claims Plaintiff might pursue in state court.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 23, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                     Chief United States District Judge